UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Adnan Abou Ayyash,                                    :

                Petitioner,            :

       v.                                            :

Crowe Horwath LLP;                                    :

Crowe Horwath International,                           :

            Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


### *EX PARTE* APPLICATION FOR AN ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782

Adnan Abou Ayyash ("Ayyash" or "Petitioner"), by and through its undersigned counsel, makes the following application to conduct discovery of third parties Crowe Horwath LLP and Crowe Horwath International ("Discovery Target(s)" or "Respondent(s)"), who are Residents of the United States and conduct business affairs in the Southern District of New York, pursuant to 28 U.S.C. § 1782, for use in a foreign criminal proceeding titled, *Adnan Zoukan Abou Ayache v. Horwath Abou Chakra and Co. et al,* ("Lebanon Proceeding") in the Baabda, Mount Lebanon Court ("Lebanon Court").[1] Petitioner alleges as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1782.

### VENUE

---

[1] See Exhibit A for the Baabda, Mount Lebanon, Lebanon Accusatory Order, dated February 13, 2017.

2.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1782 because each third-party below (the "Discovery Targets"), resides or is found in this District, and because a substantial part of the events giving rise to this proceeding may have occurred in this District.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1782 because Crowe Horwath LLP resides or is found in this District, because Crowe Horwath LLP maintains offices in Manhattan, and because a substantial part of the events giving rise to this proceeding may have occurred in this District.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1782 because Crowe Horwath International resides or is found in this District, because Crowe Horwath International maintains offices in Manhattan, and because a substantial part of the events giving rise to this proceeding may have occurred in this District.

**BACKGROUND**

5.  Ayyash was the majority owner of Al-Madina Bank ("Al-Madina") and its sister bank, United Credit Bank ("UCB"), which formerly operated throughout Lebanon until approximately February 2003.

6.  Al-Madina and UCB are domestic companies located, incorporated and with principal place of business in Lebanon.

7.  Rana Koleilat ("Koleilat"), who managed the day-to-day operations of the two banks, conspired with Rene Moawad, among other Al Madina employees, to defraud Ayyash and the banks out of over $2 billion dollars through repeated use of wire fraud, money laundering, forgery and embezzlement.

8.  Final judgments have been entered against Rana Koleilat in Lebanon.

9.  On August 23, 2007, Ayyash submitted a direct complaint before Elie Georges El Helou, the honorable Examining Magistrate in Baabda, Mount Lebanon. The direct complaint was against Horwath Abou Chakra and Co., the main auditor of Ayyash's two banks, and Wael Kamel Abou Chakra and Daoud Youssef Sobh, employees and representatives of Horwath Abou Chakra and Co. on its auditing work with the two banks, for certain mistakes and gaps in their professional performance in relation to the failure to discover the scheme of Koleilat and her associates.

10. On February 13, 2017, the Examining Magistrate issued an Accusatory Order against and Wael Kamel Abou Chakra, Daoud Youssef Sobh, and Horwath Abou Chakra and Co.

11. In 2011, Horwath Chakra and Co. merged into Crowe Horwath Professional Auditors ("CHPA"), an auditing firm with a specific focus on the Middle East region and a member of the global network of Crowe Horwath International.

12. Crowe Horwath International is global network of Crowe Horwath affiliated accounting and advisory services firms formed through the legal structure of a Swiss Verein.

13. A Swiss Verein is a legal structure in Swiss law, commonly used by multinational professional firms to operate globally under one brand where regulatory and cultural differences make global transactions prohibitively complicated and costly.

14. Under this legal structure, each member of Crowe Horwath International holds itself out as a separate and independent legal entity and disclaims any and all responsibility or liability for acts or omissions of Crowe Horwath International or any other Crowe Horwath International member.

15. Crowe Horwath LLP is one of the largest public accounting, consulting, and technology firms in the U.S. and, along with Crowe Horwath Professional Auditors, a member of Crowe Horwath International.

16. Al-Madina and UCB engaged an affiliate of Crowe Horwath International as an auditor, and therefore the firm will be in possession of certain records and correspondence which is not available through the Lebanon Court or through other means accessible by Petitioner.

17. Al-Madina and UCB engaged an affiliate of Crowe Horwath LLP as an auditor, and therefore the accounting firm will be in possession of certain records and correspondence which is not available through the Lebanon Court or through other means accessible by Petitioner.

## RELIEF REQUESTED

18. Under 28 U.S.C. § 1782, interested parties, such as Ayyash, may obtain discovery for use in foreign litigations from companies located within the United States.

19. In support of his lawsuit and the lawyers' efforts in the Lebanon Proceeding, Ayyash seeks discovery of certain records and documents, held by third parties. Specifically, Ayyash seeks to assist his legal counsel in Baabda, Mount Lebanon and it is critical that discovery of these records in the United States be accessible to assist in this effort. In this application, Ayyash seeks an order pursuant to 28 U.S.C. § 1782 permitting discovery for use in the Lebanon Proceeding.

20. Annexed to the accompanying Declaration of Robert W. Seiden as Exhibit "B" is the proposed Notice of Deposition and Notice to Produce for Crowe Horwath LLP.

21. Annexed to the accompanying Declaration of Robert W. Seiden as Exhibit "C" is the

    proposed Notice of Deposition and Notice to Produce for Crowe Horwath International.

22. Annexed to the accompanying Declaration of Robert W. Seiden as Exhibit "D" is the

    form of proposed order.

**Discovery Sought by Petitioner Meets the Requirements of 28 U.S.C. § 1782**

23. Section 1782(a) provides that:

    The district court of the district in which a person resides or is found may order him to

    give his testimony or statement or to produce a document or other thing for use in a

    proceeding in a foreign or international tribunal, including criminal investigations

    conducted before formal accusation. The order may be made pursuant to a letter rogatory

    issued, or request made, by a foreign or international tribunal or upon the application of

    any interested person and may direct that the testimony or statement be given, or the

    document or other thing be produced, before a person appointed by the court. By virtue

    of his appointment, the person appointed has power to administer any necessary oath and

    take the testimony or statement. The order may prescribe the practice and procedure,

    which may be in whole or part the practice and procedure of the foreign country or the

    international tribunal, for taking the testimony or statement or producing the document or

    other thing. To the extent that the order does not prescribe otherwise, the testimony or

    statement shall be taken, and the document or other thing produced, in accordance with

    the Federal Rules of Civil Procedure.

    U.S.C. § 1782(a)

24. Section 1782 has three requirements: "(1) that the person from whom discovery is sought

    resides (or be found) in the district of the district court to which the application is made,

(2) that the discovery be for the use in a proceeding before a foreign tribunal, and (3) that the application be made by . . . 'any interested person'." In re Application of Esses, 101 F.3d 873, 875 (2d Cir. 1996) (citation omitted).

25. "The goals of the statute, which dates back to 1855, are to provide 'equitable and Efficacious' discovery procedures in United States courts 'for the benefit of tribunals and litigants involved in litigation with international aspects,' and to 'encourag[e] foreign countries by example to provide similar assistance to our courts.' In pursuit of these twin goals, the section has, over the years, been given increasingly broad applicability." Lancaster Factoring Co. Ltd. v. Mangone, 90 F.3d 38, 4 (2d Cir. 1996), quoting in part, S. Rep. No. 1580, 88th Cong., 2d Sess. 2 (1964) (internal citations omitted). See also, Marubeni Am. Corp. v. LBAY.K., 2009 WL 1738509, at * 1 (2d Cir. June 17, 2009).

26. The proposed discovery satisfies the requirements of § 1782. The Discovery Targets reside in this district by virtue of their offices in the district and that they conduct business in the district. The discovery sought is for use in a foreign proceeding. There is no doubt that the Lebanon Court is a "tribunal" for purposes of the statute. A tribunal is any entity that conducts "proceedings in which an adjudicative function is being exercised." In re Application of Esses, 101 F.3d at 876 (citation omitted).

27. Finally, Ayyash is an "interested party" for purposes of the statute because he is a party to the Lebanon Proceeding. Id. at 875 ("an 'interested person' includes one who is a 'party to ... foreign or international litigation.'") (citation omitted).

28. Once the requirements of §1782 are met, the District Court has broad discretion to grant discovery requests. Courts have stressed that §1782 should be given broad effect:

Allowance of liberal discovery seems entirely consistent with the twin aims of section 1782: providing efficient assistance to

participants in international litigation and encouraging foreign
countries by example to provide similar assistance to our courts.

Advanced Micro Devices, Inc. v. Intel Corp., 292 F.3d 664, 669 (9th Cir. 2002)
(citationomitted), aff'd, Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241
(2004).

29. In Intel, the Supreme Court specified that a district court presented with a §1782(a)

request should take into account four factors:

(1) Whether the person from whom discovery is sought is a participant in the foreign

proceedings, in which case "the need for §1782(a) aid generally is not as apparent as it

ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad";

(2) "[T]he nature of the foreign tribunal, the character of proceeding underway abroad,

and the receptivity of the foreign government, or the court or agency abroad to U.S.

federal-court judicial assistance";

(3) "[W]hether the §1782(a) request conceals an attempt to circumvent foreign proof-

gathering restrictions or other policies of a foreign country or the United States"; and

(4) Whether the discovery requests are "unduly intrusive or burdensome."

Intel, 542 U.S. at 264-66.

30. As the Second Circuit has explained, District Courts must exercise their discretion under

§ 1782(a) in light of the twin aims of the statute: "providing efficient means of assistance

to participants in international litigation in our federal courts and encouraging foreign

countries by example to provide similar means of assistance to our courts . . . ." In re

Application for an Order Permitting Metallgesellschaft AG to take Discovery, 121 F.3d

77, 79 (2d Cir. 1997) (citation omitted). See also Marubeni Am. Corp. v. LBA Y.K.,

2009 WL 1738509, at *1 (2d Cir. June 17, 2009). These considerations encourage

heavily in favor of generous federal court assistance. <u>See</u>, <u>e.g.</u>, <u>Edelman v. Taittinger (In re Edelman)</u>, 295 F.3d 171, 180 (2d Cir. 2002).

31. The first factor - whether the person from whom the discovery is sought is a party to the foreign proceeding - militates in favor of the requested discovery. The Discovery Targets are not party to the Lebanon Proceeding and are outside of the jurisdiction of the Lebanon Court. Absent this Court granting Ayyash's request, the evidence sought to support the Lebanon Proceeding would be unattainable.

32. The second discretionary factor, which concerns the receptivity of the foreign government or its courts to United States federal court assistance, also favors ordering the requested production. <u>See</u> <u>Intel</u>, 542 U.S. at 264. This factor separately encompasses considerations of: (l) whether United States assistance would offend the foreign country, <u>see</u>, <u>e.g.</u>, <u>Euromepa S.A. v. R. Esmerian, Inc.</u>, 51 F.3d 1095, 1099-1100 (2d Cir. 1995); and (2) whether the material sought is admissible evidence in the foreign tribunal. <u>See</u>, <u>e.g.</u>, <u>In re Application of Grupo Qumma</u>, 2005 WL 937486, at *3 (S.D.N.Y. April 21, 2005). The Lebanon Court would allow the evidence to be utilized, and thus ordering its production would not offend the foreign country because the evidence would be admissible. See Declaration of Amer Obeid.

33. Foreign criminal investigation conducted by a foreign investigative magistrate has been found to be the type of proceeding where §1782 is applicable. See <u>Optimal Investment Services, S.A. v. Berlamont</u>, No. 14-2807-CV, 2014 WL 6997484, at *1 (2d Cir. Dec. 12, 2014) (granting an order asking a domestic party to produce documents for use in a foreign criminal investigation conducted by a foreign investigating magistrate, holding "based on the plain reading of § 1782, as well the law's legislative history, that the statute

applies to a foreign criminal investigation involving an investigating magistrate seeking
documents in the United States").

34. Petitioner has not brought this action to circumvent Lebanon court orders or procedures.
Rather, the evidence sought here would be to support court orders in the Lebanon
Proceeding. As a result, the third Intel factor favors discovery.

35. Finally, the fourth Intel factor concerns whether the discovery requests are unduly
intrusive or burdensome. Here, they are neither. Petitioner should have the right to depose
the Discovery Targets and review the materials that support the investigation in the
Lebanon Proceeding. See generally, Fed.R.Civ.P. 26(a)(2) and 26(b)(4)(D).

**WHEREFORE**, for the foregoing reasons, Ayyash requests that an order be entered directing
the Discovery Targets to provide all the documents requested and/or to appear for a deposition,
and such other and further relief as this Court deems just and proper.

Dated: New York, New York

    December 4, 2017

Respectfully Submitted,

The Seiden Group

1120 6th Avenue, 4th Floor

New York, NY, 10036

(212) 626 – 6708

By:   /s/ Robert W. Seiden

Robert W. Seiden

Attorney for the Petitioner

Adnan Abou Ayyash