USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 1 7 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Adnan Abou Ayyash,

        Petitioner,

—v—

Crowe Horwath LLP & Crowe Horwath International,

        Respondents.

17-mc-482(AJN)

MEMORANDUM
OPINON & ORDER

ALISON J. NATHAN, District Judge:

Petitioner Adnan Abou Ayyash petitions the Court to grant his application for an order permitting discovery for use in a foreign proceeding under 28 U.S.C. § 1782. Ayyash originally filed the petition ex parte, but Respondents' counsel filed notices of appearance, so the Court ordered Respondents to file responses to the application, see Dkt. No. 15, which they have now done, see Dkt. No. 23 (CHI Memo); Dkt. No. 24 (CHLLP Memo). For the reasons explained below, the Court denies the application with leave to refile.

I.     BACKGROUND

Ayyash was the majority owner of two Lebanese banks that were defrauded. Dkt. No. 2 (Application) ¶¶ 5-7. In 2007, Ayyash filed a criminal complaint in Lebanon against Horwath Abou Chakra and Co., the main auditor of Ayyash's banks, and certain of its employees and representatives because of their failure to discover the defrauding scheme at the banks. Id. ¶ 9; Dkt. No. 25 (Skaff Dec.) ¶ 9. An "Examining Magistrate" in Lebanon concluded that there were sufficient legal grounds and evidence to suspect the individuals and Horwath Abou Chakra and

1

Co. of committing certain crimes. *See* Application ¶ 10; Skaff Dec. ¶¶ 9-10; Dkt. No. 27 (Pet. Reply) at 2.

Ayyash asserts that Horwath Abou Chakra and Co. "reorganized, rebranded and merged into Crowe Horwath Professional Auditors." Pet. Reply at 1; *see also* Application ¶ 11. Crowe Horwath Professional Auditors is part of a global network of Crowe Horwath-affiliated accounting and advisory firms. Application ¶¶ 11-12. Horwath Abou Chakra and Co. was a member of Crowe Horwath International from at least 2003 until around 2011. Dkt. No. 22 (Manisero Dec.) ¶¶ 4-5. At approximately the same time that Horwath Abou Chakra and Co. ceased being a member of Crowe Horwath International, Crowe Horwath Professional Auditors became a member of Crowe Horwath International. Manisero Dec. ¶ 5.

Crowe Horwath International is a "global association of separately owned and operated professional accounting, consulting and legal firms that conduct business under a common brand, currently 'Crowe Horwath.'" Manisero Dec. ¶ 2. According to Ayyash, "each member of Crowe Horwath International holds itself out as a separate and independent legal entity and disclaims any and all responsibility or liability for acts or omissions of Crowe Horwath International or any other Crowe Horwath International member." Application ¶ 14.

Because Ayyash's banks used Crowe Horwath-affiliated auditor, Ayyash seeks discovery from Crowe Horwath International and Crowe Horwath LLP. He believes that they "will be in possession of certain records and correspondence which is not available through the Lebanon Court or through other means accessible by Petitioner." Application ¶¶ 16, 17. Specifically, Ayyash seeks, inter alia, records of electronic communications between the management of Crowe Horwath LLP or Crowe Horwath International and Crowe Horwath Professional Auditors in the past 15 years; documents related to the registration, structure, and organization of Crowe

2

Horwath International; documents that explain the relationship between Crowe Horwath LLP and Crowe Horwath International; and documents showing common auditing techniques between Crowe Horwath LLP and other members of Crowe Horwath International. *See* Dkt. No. 7, Ex. B (Notice to Produce B); Dkt. No. 7, Ex. C (Notice to Produce C).

Respondents oppose Ayyash's request. *See* CHI Memo; CHLLP Memo. According to Crowe Horwath International's General Counsel, the fact that the Lebanese bank at issue here "may have engaged a member firm of [Crowe Horwath International] does not mean that [Crowe Horwath International] would possess any records or correspondence relating to such an engagement." Manisero Dec. ¶ 6; *see also* Manisero Dec. ¶ 3 (stating that Crowe Horwath International does not "collect or maintain any documents relating to the member firms' client engagements"). He also emphasizes that documents sought by Ayyash would likely contain information that is proprietary or confidential to Crowe Horwath International and its members. Manisero Dec. ¶ 8.

## II. LEGAL FRAMEWORK

Section 1782 provides, "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). A district court may grant discovery under Section 1782 if three statutory conditions are satisfied: (1) the party from whom discovery is sought is found in the district in which the discovery application is made; (2) the discovery will be used in a foreign proceeding; and (3) the party applying for discovery is an interested person in the foreign proceeding. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). Discovery is "for use" in a foreign proceeding "if it is relevant to the

3

subject matter of the proceeding," and if the evidence would "'increase [the applicant's] chances of success' in the proceeding." *In re Asia Maritime Pacific Ltd.*, 253 F. Supp. 3d 701, 706 (S.D.N.Y. 2015) (alteration in original) (quoting *Mees v. Buiter*, 793 F.3d 291, 299 (2d Cir. 2015)). However, "discovery sought pursuant to § 1782 need not be necessary for the party to prevail in the foreign proceeding in order to satisfy the statute's 'for use' requirement." *Mees*, 793 F.3d at 298.

If the statutory conditions are satisfied, a court may grant discovery in its discretion. In deciding whether to grant a discovery order, courts consider (1) whether the party from whom discovery is sought is a participant in the foreign proceeding, in which case there is little need for § 1782(a) aid; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request constitutes "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). A court should also consider the purposes of § 1782: "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Mees*, 793 F.3d at 297-98 (internal quotation marks omitted).

### III. DISCUSSION

Here, two of the statutory requirements are satisfied. First, Crowe Horwath International and Crowe Horwath LLP can be found in this district because they have offices here. Respondents do not dispute that conclusion. Second, Ayyash is an "interested person" in the Lebanon proceeding. Crowe Horwath LLP argues that because the case in Lebanon is criminal

4

in nature and Ayyash is an individual, Ayyash has failed to establish that he is an "interested person." CHLLP Memo at 10-11. However, Ayyash filed the complaint that initiated the proceeding in Lebanon, *see* Skaff Dec. ¶ 9, and the order from the Examining Magistrate describes Ayyash as the "plaintiff" in the case, *see* Dkt. No. 7, Ex. A; *see also* Pet. Reply at 6 ("Petitioner himself is the actual litigant in the Lebanon case."); Skaff Dec. ¶ 6 ("[T]he Lebanese system in general, including the Lebanese criminal proceedings system, is based on the inquisitorial French legal system . . . ."); *In re Application of Consellior Sas*, 16mc00400, 2017 WL 449770, at *1 n.1 (S.D.N.Y. Feb. 2, 2017) (citing to a party's submission and explaining that "[u]nder French law, private entities have substantial participation rights in criminal proceedings and are permitted to call witnesses, file pleadings, and present arguments or evidence before the Magistrate Judge').

It is not clear, however, that the requested discovery is "for use" in the foreign proceeding. Respondents contend that it is not. *See* CHI Memo at 3-7; CHLLP Memo at 7-10. They argue that "none of the requested discovery could have any conceivable relevance to the underlying Lebanese criminal prosecution . . . ." CHI Memo at 4; *see* CHLLP Memo at 7-9. Respondents emphasize that the Lebanese criminal tribunal must decide whether the accused company and individuals are guilty of the crimes charged, questions on which discovery concerning Crowe Horwath International's structure and relationship with members would have no bearing. CHI Memo at 5; CHLLP Memo at 8-9. However, as Ayyash explains, the requested discovery may give the Lebanon court "a clear understanding of the kind of professional standard expected of Crowe Horwath members" and may provide "a baseline to benchmark the performance of [Horwath Abou Chakra and Co.] against." Pet. Reply at 5. Indeed, Ayyash need not show that the discovery is necessary for him to prevail in the foreign proceeding. *See Mees*,

5

793 F.3d at 298. Nevertheless, the request for production is quite broad, with much of it unlikely to lead to evidence that would implicate the current defendants in the Lebanese proceeding. For example, it is not clear why "[r]ecords of electronic communications between the management of Crowe Horwath LLP and [Crowe Horwath Professional Auditors] in the past 15 years" or "[a]ll communications with Crowe Horwath LLP and/or Crowe Horwath International and/or other professionals engaged by the Crowe Horwath LLP and/or Crowe Horwath International" are "relevant to the subject matter of the [Lebanese] proceeding" or would "increase [Ayyash's] chances of success in the proceeding." *In re Asia Maritime Pacific Ltd.*, 253 F. Supp. 3d at 706 (internal quotation marks omitted).

In any event, even if it were clear that the requested documents were "for use" in the Lebanese proceeding, some of the requests are likely to be unduly burdensome, such as the request for records of all electronic communications for the last 15 years between the management of Crowe Horwath LLP or Crowe Horwath International and Crowe Horwath Professional Auditors. Ayyash's petition is too broad and imposes too great a burden on Respondents.

Accordingly, the application is denied. This resolves Docket Number 2. Ayyash may refile an application narrowing the request and explaining in greater detail why each discovery request would lead to relevant information that would help him succeed in the proceeding in Lebanon. Any such application shall be due within two weeks of the date of this Order.

SO ORDERED.

Dated: April 17, 2018
New York, New York

ALISON J. NATHAN
United States District Judge

6