UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 1 3 2018
```

Adnan Abou Ayyash,

           Petitioner,

—v—

Crowe Horwath LLP & Crowe Horwath International,

           Respondents.

17-mc-482 (AJN)

MEMORANDUM OPINON & ORDER

ALISON J. NATHAN, District Judge:

Petitioner Adnan Abou Ayyash petitions the Court to grant his application for an order permitting discovery for use in a foreign proceeding under 28 U.S.C. § 1782. Ayyash originally filed an application in December 2017, and the Court denied that application on April 17, 2018. *See* Dkt. No. 28. However, the Court permitted Ayyash to "refile an application narrowing the request and explaining in greater detail why each discovery request would lead to relevant information that would help him succeed in the proceeding in Lebanon." Dkt. No. 28 at 6. That second application is now before the Court. For the reasons explained below, the Court denies the application.

I.     **BACKGROUND**

In the April 17 Order, the Court set forth the relevant factual background. *See* Dkt. No. 28 at 1-3. Briefly, Ayyash was the majority owner of two Lebanese banks that were defrauded. Dkt. No. 29 (Refiled App.) ¶¶ 5-7. Ayyash initiated a criminal complaint in Lebanese court in 2007 against Horwath Abou Chakra and Co., the main auditor of Ayyash's two banks. *See id.*

1

¶ 9. Horwath Abou Chakra and Co. subsequently merged into Crowe Horwath Professional Auditors. *See id.* ¶ 10.

Because Ayyash's banks used a Crowe Horwath-affiliated auditor, Ayyash seeks discovery from Crowe Horwath International and Crowe Horwath LLP.[1] *See id.* ¶¶ 10-13. He seeks "disclosure of non-privileged documents and records that explain the managerial relationship between [Crowe Horwath LLP/Crowe Horwath International and Horwath Abou Chakra and Co. and/or Crowe Horwath Professional Auditors], including but not limited to any guidance and oversight [Crowe Horwath LLP] provides . . . on the common standard, strategy, and methodology of the auditing work of the Crowe Horwath global brand." *Id.* ¶ 32; *see* Dkt. No. 30, Exs. A-B. According to Ayyash, understanding that relationship will "allow[] the Lebanon Court to gauge the kind of professional standard expected of Crowe Horwath members and have a baseline to benchmark the performance of [Horwath Abou Chakra and Co./Crowe Horwath Professional Auditors] against." Refiled App. ¶ 32.

Ayyash also requests documents and records that demonstrate the legal relationship between the companies so that the Lebanon Court can "determine whether [Horwath Abou Chakra and Co.] has separate liability from [Crowe Horwath LLP] and [Crowe Horwath International]." Refiled App. ¶ 33; *see* Dkt. No. 30, Exs. A-B.

Finally, Ayyash requests documents and records that explain the financial relationship between the companies because "[u]nderstanding the legal relationship between [them will] allow[] the Lebanon Court to decide whether there is commingling of funds between [the

---

[1] On June 8, 2018, Crowe Horwath International informed the Court that its name had changed to Crowe Global, Dkt. No. 38, and Crowe Horwath LLP informed the Court that its name had changed to Crowe LLP, Dkt. No. 37. Because the parties' briefs use "Crowe Horwath International" and "Crowe Horwath LLP," for the sake of clarity the Court uses those names to refer to Respondents.

2

companies] and determine which parties besides [Horwath Abou Chakra and Co./Crowe Horwath Professional Auditors], if any, it can seek recovery from." Refiled App. ¶ 34; *see* Dkt. No. 30, Exs. A-B.

Respondents oppose Ayyash's application. *See* Dkt. No. 34 (CHLLP Memo); Dkt. No. 35 (CHI Memo).

## II. LEGAL FRAMEWORK

Section 1782 provides, "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). A district court may grant discovery under Section 1782 if three statutory conditions are satisfied: (1) the party from whom discovery is sought is found in the district in which the discovery application is made; (2) the discovery will be used in a foreign proceeding; and (3) the party applying for discovery is an interested person in the foreign proceeding. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). Discovery is "for use" in a foreign proceeding "if it is relevant to the subject matter of the proceeding," and if the evidence would "'increase [the applicant's] chances of success' in the proceeding." *In re Asia Maritime Pacific Ltd.*, 253 F. Supp. 3d 701, 706 (S.D.N.Y. 2015) (alteration in original) (quoting *Mees v. Buiter*, 793 F.3d 291, 299 (2d Cir. 2015)). However, "discovery sought pursuant to § 1782 need not be necessary for the party to prevail in the foreign proceeding in order to satisfy the statute's 'for use' requirement." *Mees*, 793 F.3d at 298.

If the statutory conditions are satisfied, a court may grant discovery in its discretion. In deciding whether to grant a discovery order, courts consider (1) whether the party from whom

3

discovery is sought is a participant in the foreign proceeding, in which case there is little need for § 1782(a) aid; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request constitutes "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). A court should also consider the purposes of § 1782: "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Mees*, 793 F.3d at 297-98 (internal quotation marks omitted).

## III. DISCUSSION

As explained in the Court's April 17 Order, the first and third statutory requirements are satisfied here. *See* Dkt. No. 28 at 4-5. The question is thus whether the requested discovery is "for use" in the foreign proceeding.

As to the materials explaining the managerial relationship, Respondents contend that Lebanese law sets forth the standard for bank auditors, so "an auditing firm's particularized internal standards and managerial practices are not relevant." CHLLP Memo at 6; *see* CHI Memo at 5-8; Dkt. No. 33 (Skaff Supp. Dec.) ¶¶ 5-11. Ayyash does not refute this point. *See* Dkt. No. 36 (Ayyash Reply). Accordingly, the Court denies the application for documents and records explaining the managerial relationship between the countries because there is no evidence that the Lebanon court would use such information to "to gauge the kind of professional standard expected of Crowe Horwath members and have a baseline to benchmark

the performance of [Horwath Abou Chakra and Co./Crowe Horwath Professional Auditors] against."[2] Refiled App. ¶ 32.

For the documents and records demonstrating the legal relationship or financial relationship, the Court is concerned that Ayyash is using the § 1782 petition as a fishing expedition to determine if it should pursue litigation against Respondents. Indeed, Ayyash states that he seeks materials regarding the legal relationship because such materials will allow the Lebanon court to determine whether Respondents can be held liable or whether Horwath Abou Chakra and Co. "should be the solely [sic] party held liable in the Lebanon proceeding," Refiled App. ¶ 33, and he asserts that the materials describing the financial relationship will allow the Lebanon court to "determine which parties besides [Horwath Abou Chakra and Co./Crowe Horwath Professional Auditors], if any, it can seek recovery from," *id.* ¶ 34. Even if the legal or financial relationship materials can be construed as "for use" in a foreign proceeding, the Court would use its discretion to deny the request for those materials. *See In re Harbour Victoria Inv. Holdings Ltd. Section 1782 Petitions*, No. 15-MC-127, 2015 WL 4040420, at *7-8 (S.D.N.Y. June 29, 2015).

IV. CONCLUSION

Accordingly, the application is denied. This resolves Docket Number 29.

---

[2] In his reply, Ayyash puts forth an additional reason that discovery regarding the managerial relationship would satisfy the "for use" standard: That discovery might "provide some help to the Lebanese court in determining and understanding various issues surrounding Chakra and Co's background and actual role in the fraud including, inter alia, whether Chakra and Co. was communicating directly with [Crowe Horwath International] and [Crowe Horwath LLP] in any meaningful way regarding their actions in relation to the criminal proceeding (including whether they held any money in any CHI or CHHLP accounts)." Ayyash Reply at 2-3. To the extent that Ayyash is suggesting that materials describing the managerial relationship may demonstrate that Horwath Abou Chakra and Co. engaged in fraud, he has offered no reason or explanation for that suggestion.

5

SO ORDERED.

Dated: June 13, 2018
       New York, New York

_____
ALISON J. NATHAN
United States District Judge